UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP. a subsidiary of STRYKER CORPORATION, a New Jersey corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>ZIMMER, INC. a Delaware corporation, ZIMMER US, INC. a Delaware corporation, ZIMMER SPINE, INC. a Delaware corporation, PAUL GRAVELINE an individual, CHRISTOPHER GIEBELHAUS an individual, CHRISTOPHER LOUGHRAN an individual, RYAN LIVELY an individual, RYAN HERMANSKY an individual, ZACH HILTON an individual, THOMAS FALLON an individual, RUBEN BURCIAGA an individual, ALEX POULEMANOS an individual, BRIAN ROWAN an individual,<br><br>*Defendants*. | Civil Action No. 11-1857 (KSH)<br><br>**ORDER**<br>**ON PLAINTIFF'S APPLICATION FOR**<br>**PRELIMINARY INJUNCTION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

The Court of Appeals having directed this Court to hold a hearing on the plaintiff's motion for a preliminary injunction [D.E. 5]; and the Court having held two days of hearings, at which the following witnesses testified:

   Rob Borcherding, Stryker Arizona sales representative
   Cara Casalenuovo, Stryker Las Vegas sales representative
   Zach Hilton, Zimmer Arizona sales representative
   Ruben Burciaga, Zimmer Las Vegas sales representative
   Kevin Brothen, Zimmer West Area Vice President
   David Sponsel, Stryker West Area Director
   Brian Miller, Stryker Chicago sales representative
   William Williams, Stryker Chicago sales representative
   Christopher Giebelhaus, Zimmer Chicago sales representative;

1

and the Court having stated on the record the controlling legal standards and its factual findings,

IT IS on this 13th day of May, 2011,

**ORDERED** that plaintiff's motion for preliminary injunction [D.E. 5] is **granted** as follows:

      A. Defendants, and all parties in active concert or participation with them, are preliminarily enjoined from soliciting or moving the business of any current Stryker Spine customer of the Las Vegas and Arizona Branches, defined as any physician who was serviced by any of the Stryker employees who were solicited and acquired by Zimmer under Project Sun Devil and Project Viva, to Zimmer, for a period of 12 months, effective April 1, 2011.

      B. Defendants, and all parties in active concert or participation with them, shall return to Stryker all originals and copies of all files, devices and/or documents that contain or relate to Stryker's confidential and proprietary information, including without limitation, all computers, electronic media, PDA's and electronic storage devices;

      C. The Individual Defendants shall produce for inspection and imaging all computers and other electronic storage devices and email accounts belonging to, under the control of, accessible to, or operated by the Individual Defendants;

      D. Defendants, and all parties in active concert or participation with them, are preliminarily enjoined from using or disclosing any of Stryker's confidential, proprietary, and/or trade secret information;

      E. Defendants, and all parties in active concert or participation with them, are preliminarily enjoined from using current Stryker employees and/or former Stryker employees recently hired by Zimmer, to solicit, induce or influence, or attempting to solicit, induce or influence, any person engaged as an employee, independent contractor or agent of Stryker to terminate his, her or its employment and/or business relationship with Stryker;

      F. Defendants, and all parties in active concert or participation with them, are preliminarily enjoined from soliciting, inducing or influencing, or attempting to solicit, induce or influence, any person engaged as an employee, independent contractor or agent of Stryker to terminate his, her or its employment and/or business relationship with Stryker;

      G. Defendants, and all parties in active concert or participation with them, are preliminarily enjoined from incentivizing current Stryker employees to engage in any conduct (*i.e.*, soliciting, inducing or influencing, or attempting to solicit, induce or influence, any person engaged as an employee, independent

contractor or agent of Stryker to terminate his, her or its employment and/or business relationship with Stryker) that constitutes a breach of any duty, contractual or otherwise, owing to Stryker;

H. Defendants, and all parties in active concert or participation with them, are preliminarily enjoined from encouraging, inducing and/or facilitating Stryker employees to breach their contractual obligations owing to Stryker;

**AND IT IS FURTHER ORDERED** that, for the reasons set forth on the record, plaintiff's application for injunctive relief directed toward Zimmer's and Individual Defendants Giebelhaus' and Graveline's activities in Chicago is granted except as to the relief granted in Paragraph A.

/s/ Katharine S. Hayden<br/>Katharine S. Hayden, U.S.D.J.