UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP., | |
| Plaintiff, | Civil Action No. 11-1857 (KSH) |
| v. | |
| ZIMMER, INC., ET AL., | OPINION & ORDER |
| Defendants. | |

    This matter having come before the Court by way of Plaintiff's motion for leave to file an Amended Complaint;

    and the Court having considered the record, the parties' submissions,[1] and the governing

---

[1] On April 1, 2011, Plaintiff filed a Complaint and sought a preliminary injunction against Zimmer, Inc., Zimmer US, Inc., and Zimmer Spine, Inc. [collectively "Zimmer"] and ten of Plaintiff's former employees. (Compl., Apr. 1, 2011, ECF No. 1.) Plaintiff alleges that Zimmer recruited Plaintiff's employees who were then used to poach Plaintiff's customers and who misued Plaintiff's trade secrets. (Id. ¶ 3.) The Complaint set forth eight causes of action: Breach of Contract against Plaintiff's former employees, Breach of Fiduciary Duty against certain former employees, Tortious Interference with Contract and Corporate Raiding against Zimmer, and Misappropriation of Trade Secrets, Unfair Competition, and Tortious Interference with Prospective Economic Advantage (separately as to Plaintiff's workforce and customers) against all Defendants. (Id. ¶¶ 187–252.) On April 1, 2011, the Court granted a temporary restraining order. (Order, Apr. 1, 2011, ECF No. 7.) On May 9 and May 10, 2011 the Court held an evidentiary hearing and thereafter granted a preliminary injunction. (See Min. Entry, May 9, 2011, ECF No. 91; Min. Entry, May 10, 2011, ECF No. 93; Order, May 13, 2011, ECF No. 98.) On May 13, 2011, the Court held a scheduling conference and set a June 30, 2011 deadline for motions for leave to file amended pleadings. (Pretr. Sched. Order, May 13, 2011, ECF No. 99.)

    On June 30, 2011, Plaintiff filed a Motion for leave to file an Amended Complaint. (Mot. to Am. Compl., June 30, 2011, ECF No. 125.) Plaintiff argues that new facts discovered during the preliminary injunction hearing support additional causes of action, namely, Aiding and Abetting a Breach of Fiduciary Duty (against Zimmer) and Civil Conspiracy (against all Defendants). (Pl.'s Br. 2, June 30, 2011, ECF No. 125.)

law;

and Rule 15(a) stating that, in pertinent, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2);

and the federal rules allowing for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," Foman v. Davis, 371 U.S. 178, 182 (1962);

and the Court having the discretion to determine whether to grant leave to amend, see id.; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981);

and the Court noting that leave to amend may be denied where there is: (1) undue delay,

---

On July 18, 2011, Defendants filed an opposing brief arguing that leave to amend should be denied for undue delay and undue prejudice. (Defs.' Br., July 18 2011, ECF No. 130.) As for undue delay, Defendants contend that Plaintiff acted strategically by filing on "the last permissible day," having known the underlying facts two months beforehand, and having waited to file the motion until after discovery responses were due. (Id. at 1–3.) As for undue prejudice, Defendants assert that they: (1) "tailored their discovery efforts" to the existing claims, (2) would be unable to propound new discovery related to the proposed claims since the document production deadline has passed, and (3) would be prejudiced by having to propound new discovery. (Id. at 4–6.) Notably, Defendants also state that Plaintiff "does not suggest what circumstances would give rise to liability under one of the two proposed new counts that would not already be covered by the existing counts." (Id. at 1.) Finally, although Defendants state in a single sentence, that the new pleading, like the original complaint, suffers from a lack of particularity, their opposition explicitly focuses on objections based on undue delay and undue prejudice. (See id. at 1–2, 5.)

On July 25, 2011, Plaintiff filed a reply brief arguing that: (1) Defendants were fully aware of Plaintiffs' intentions to amend the Complaint as early as May 13, 2011, (2) Plaintiff acted timely under the Scheduling Order, (3) neither the facts nor the case law support a finding of undue delay, (4) Defendants have failed to identify what additional discovery would be necessary and in fact implicitly suggest no further written discovery would be needed, and (5) additional discovery may be obtained as discovery does not end until September 16, 2011. (Pl.'s Reply Br. 2–7, July 25, 2011, ECF No. 141.)

(2) bad faith or dilatory motive, (3) undue prejudice, or (4) futility of amendment, see Foman, 371 U.S. at 182; accord Arthur v. Maersk, Inc., 434 F.3d 196, 204–05 (3d Cir. 2006); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004);

and Defendants having argued that Plaintiff has unduly delayed and that granting leave to file the proposed Amended Complaint would cause undue prejudice;

and, with regard to undue delay and undue prejudice, the Court of Appeals for the Third Circuit having stated that

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants,

Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) (internal citations omitted);

and the Court recognizing that under Rule 15, leave to amend is generally granted where, during the course of discovery, a party discovers "new evidence," see, e.g., Kronfeld v. First Jersey Nat'l Bank, 638 F. Supp. 1454, 1460 (D.N.J. 1986);

and the Court finding that the Plaintiff did not unduly delay seeking leave to file the proposed Amended Complaint and Defendants will not be unduly prejudiced by its filing at this time;[2]

---

[2] Neither undue delay nor undue prejudice support denial of the proposed Amended Complaint. No undue delay exists as there is no reason to believe that granting the proposed pleading will "plac[e] an unwarranted burden on the court." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2000) (citing Adams, 739 F.2d at 868). Plaintiff moved for leave for amend by the Court's deadline and thereby seasonably exercised its opportunity to amend its pleading within the window framed by the Court. Cf. Cureton, 252 F.3d at 273 (stating that "[d]elay may become undue when a movant has had previous opportunities to amend

IT IS THEREFORE on this 1st day of August, 2011

ORDERED that Plaintiff's motion for leave to file an Amended Complaint [Docket No. 125] is granted; and

---

a complaint"). Moreover, while there is no presumptive period that makes delay undue, Alvin, 227 F.3d at 121, Plaintiff has sought leave to amend just three months after filing its Complaint, less than two months after obtaining the information supporting the new allegations, and more than two and one-half months before discovery is set to close. Furthermore, as discussed below, the existing and proposed causes of action are similar to those embodied in the original complaint and arise from the same facts, and hence the amendment will not delay resolution of the case. See Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1197 (3d Cir. 1994) (noting that "undue delay refers solely to delay in the proceedings").

No undue prejudice exists as the additional causes of action will not "plac[e] an unfair burden on the opposing part[ies]." Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868). The existing causes of action arise from the same facts as, and hence are related to, the ones proposed. Defendants have failed to persuade the Court that there will be significant, if any, additional discovery, cost, or preparation needed to defend against these new causes of action. See Cureton, 739 F.2d at 273. In the Complaint, Plaintiff alleges that Zimmer stole Plaintiff's sales representatives and then acted with these representatives to steal Plaintiff's customers. (See Compl. ¶¶ 3, 103–180.) The Complaint's causes of action include, among others, Breach of Fiduciary Duty against former employees of Plaintiff and, against Zimmer, Tortious Interference of Contract and Corporate Raiding. (Compl. ¶¶ 195–212, 221–234.) The proposed Amended Complaint adds Aiding and Abetting Breach of Fiduciary Duty against Zimmer as well as Civil Conspiracy against all Defendants. (Am. Compl. ¶¶ 259–281.) The existing causes of action require similar, if not the same, discovery as the proposed counts because they all require investigation into the conduct and circumstances that led to Zimmer's allegedly improper acquisition of Plaintiff's sale force and customers. Indeed, Defendants themselves note the similarity by stating that Plaintiff "does not suggest what circumstances would give rise to liability under one of the two proposed new counts that would not already be covered by the existing counts." (Defs.' Br. 1.) Their own assertion, therefore, undermines their purported concern that they are unable to investigate claims that they view as similar to those already pleaded. Moreover, while Defendants argue that their discovery was "tailored" and that these new counts would result in the burden of additional discovery, they provide no detail as to what additional discovery, cost, or preparation they would need. See Adams, 739 F.2d at 869 (finding no prejudice where there was a failure to "demonstrate[] any particular prejudice"). Furthermore, Defendants have sufficient time to depose witnesses about the new claims given the recent extension of the deadline to complete discovery. (See Am. Pretr. Sched. Order, July 19, 2011, ECF No. 136.) Because Defendants have an opportunity to investigate the factual basis for the additional claims and prepare a defense to them, they are not prejudiced by the amendment.

IT IS FURTHER ORDERED that, no later than **August 4, 2011**, Plaintiff shall file the Amended Complaint.

                                                  s/Patty Shwartz
                                                  **UNITED STATES MAGISTRATE JUDGE**