NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HOWMEDICA OSTEONICS CORP., a subsidiary of STRYKER CORPORATION, | : : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : : | **OPINION** |
| v. | : : | Civil Action No. 11-01857 (DMC)(JAD) |
| ZIMMER, INC., et al, | : : |  |
| Defendants. | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This case comes before this Court upon Motion by Defendants Zimmer, Inc., Zimmer US, Inc., Zimmer Spine, Inc. (hereinafter "Zimmer" or "Zimmer Corporate Defendants"); Christopher Giebelhaus and Paul Graveline; and, Christopher Loughran, Ryan Lively, Ryan Hermansky, Zach Hilton, Thomas Fallon, Ruben Burciaga, Alex Poulemanos, and Brian Rowan (collectively, the "Individual Defendants") for Imposition of a Bond as security for the preliminary injunction obtained by Howmedica Osteonics Corp., a subsidiary of Stryker Corporation (hereinafter "Plaintiff" or "Stryker"). ECF No. 257. After considering the submissions of the parties, and based upon the hearing conducted before this Court on March 12, 2012, it is the decision of this Court for the reasons herein expressed, that the bond to secure the preliminary injunction shall be set in the amount of $6 million.

I.   **BACKGROUND**[1]

This Motion follows a decision of the Third Circuit to affirm in part and deny in part a preliminary injunction issued by the Honorable Judge Katherine S. Hayden on May 13, 2011. Howmedica Osteonics Corp. v. Zimmer, Inc., et al., 2012 WL 477624 (3d Cir. Feb. 15, 2012). Pursuant to the Opinion of February 15, 2012, the Third Circuit directed this Court to issue a bond to secure the preliminary injunction as affirmed.

The substance of this case concerns two plans purportedly orchestrated by Zimmer to acquire all but one of Stryker's branch managers, sales managers, and sales representatives in Stryker's Arizona and Las Vegas branches.[2]  On April 1, 2011, Plaintiff Howmedica, a subsidiary of Stryker, (hereinafter "Howmedica" or "Plaintiff") filed a Complaint and Emergency Motion for Temporary Restraining Order and Preliminary Injunction.   Plaintiff's Complaint asserts claims for breach of contract, breach of fiduciary duty, actual and/or threatened misappropriation of trade secrets, tortious interference with contract, corporate raiding, tortious interference with prospective economic advantage, and unfair competition.  Following a telephone hearing on Plaintiff's Emergency Motion for Temporary Restraining Order on April 1, 2011, the Court entered an Order to Show Cause with Temporary Restraints.  To secure this temporary order, the Court ordered Plaintiff to post a bond in

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

[2] The Plans were entitled "Project Sun Devil" and "Project Viva" and allegedly involved the solicitation of compensation and sales information from Arizona and Las Vegas branch managers in an effort to calculate offers to induce Stryker employees to join Zimmer.  Zimmer allegedly devised a "flip-flopping" scheme pursuant to which  Stryker's Arizona branch manager would manage Zimmer's Las Vegas branch and vice versa.  The plans would allow Stryker representatives to remain working for Zimmer and service different customers without violating their non-compete agreements.

the amount of $800,000.

On May 13, 2011, following a two-day hearing, the Court entered an order awarding the preliminary injunction sought by Plaintiff against Defendants.  The Court declined to require Plaintiff to post a bond to secure the preliminary injunction.  In relevant part, Judge Hayden concluded that the imposition of the injunction would occasion no financial loss upon Defendants, as the alleged scheme appeared to have been undertaken without particular concern for how much it would cost Zimmer.  Judge Hayden explained:

> We are recreating in this 12 month period a time during which Zimmer[,] had it played fair  . . . it would have been training its own fleet.  It has already trained people which puts it [ahead] of the game.  And what we're saying is, they are not going to go into action now.  There's no loss that I see.  What I am doing is delay [sic] the launch as it were of project Sun Devil and project Viva.

The Zimmer Corporate Defendants and Defendants Graveline and Giebelhaus appealed the preliminary injunction to the United States Court of Appeals for the Third Circuit.[3]  The Third Circuit affirmed in part and vacated in part.  In relevant part, the Third Circuit circumscribed the scope of Paragraphs A and F of the preliminary injunction, holding that these portions were impermissibly broad and inequitably restricted Defendants from fairly competing for business in the marketplace against Plaintiff.[4]

In addition, the Third Circuit addressed the failure of the District Court to impose a bond to

---

[3]The Appeal was consolidated with an appeal brought by the Individual Defendants.

[4]The Third Circuit took issue with the provision in Paragraph A that could be read to "completely preclude Stryker customers in Arizona and Las Vegas from using Zimmer products, even when they have not been solicited by Defendants," as well as the provision in Paragraph F that could be read to "preclude[] [Defendants] from soliciting any Stryker employees, independent contractors, and agents of any Stryker branch."(emphasis in original) The Third Circuit held that the injunction should be circumscribed accordingly.

secure the preliminary injunction.  Specifically, the Third Circuit took issue with the District Court's conclusion that the Zimmer Defendants bore no risk of loss, as this assumed that the plans instituted by Zimmer were unlawful and that the Zimmer Defendants were properly enjoined.  Accordingly, the Third Circuit directed this Court to impose a new bond after considering what is necessary to protect Zimmer in the event the injunction is later deemed unlawful.  The Third Circuit expressed no opinion regarding the value of the bond and left that decision to the discretion of this Court following a full hearing on the issue.

Defendants filed the instant Emergency Motion following the issuance of the Third Circuit decision.  Defendants note that Paragraph A of the preliminary injunction expires on March 31, 2012, one year after the entry of the TRO on April 1, 2011.  Defendants maintain that, to date, they have abided by all of the restrictions of the TRO and preliminary injunction, including those portions vacated by the Third Circuit, and have incurred damages associated with its restrictions on their rights to compete.  On February 24, 2012, Defendants filed comprehensive motions for summary judgment.  A status conference with Judge Dickson has been scheduled for March 20, 2012, at which time Defendants presume that the scheduling for the remainder of the pretrial matters will be set.  Accordingly, Defendants request that a bond be issued to allow Defendants to efficiently proceed under Rule 65.1 without disrupting the current schedule.

## II.   STANDARD OF REVIEW

FED. R. CIV. PRO. 65(c) provides "the court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or

restrained." The bond is intended to protect the enjoined party in the event the injunction should not

have been imposed, as "with rare exceptions, a defendant wrongfully enjoined has recourse only

against the bond." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 804 (3d Cir.

1989). The bond further "serves to inform the plaintiff of the price they [sic] can expect to pay if

the injunction was wrongfully issued." Id. at 804-05. The amount of the bond is left to the district

court's discretion. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 426 (3d Cir. 2010).

## III.   DISCUSSION

On March 12, 2012, this Court heard argument from the parties regarding the imposition of

a bond to secure the preliminary injunction obtained by Howmedica, as affirmed by the Third

Circuit. Specifically, the parties presented argument regarding the amount of the bond and whether

the Individual Defendants are entitled to be included within its coverage. This Court will address

each issue in turn.

### A.   Inclusion of the Individual Defendants

This Court finds that the Third Circuit has already held that the Individual Defendants are

not entitled to coverage under the bond. In the Opinion of February 15, 2012, the Third Circuit held

in relevant part: "[t]he Individual Defendants have been indemnified and guaranteed salaries, so they

bear no financial risk if they are wrongfully enjoined." Howmedica Osteonics v. Zimmer Inc., et al.,

2012 WL 477624, at *2-3 (3d Cir. Feb. 15, 2012). The Third Circuit went on to hold that it was

error to conclude that the Zimmer Defendants bore no risk of loss and directed the District Court "to

impose a new bond after considering what is necessary to protect Zimmer in the event the injunction

is later deemed unlawful." Id.

It is therefore clear from the Third Circuit Opinion that the Court found that financial loss would only be occasioned upon Zimmer, and not the Individual Defendants.  This Court therefore reads the Third Circuit Opinion to conclude that the Individual Defendants are not entitled to further protection under the bond.  Accordingly, this Court holds that the bond as issued does not cover the Individual Defendants.

      B.    <u>Bond Amount</u>

This Court finds that, based upon the record evidence, the appropriate amount to be set for the bond is $6 million.  Defendants have presented this Court with evidence that Zimmer projected $3 million in revenue growth in the Arizona and Las Vegas branches in their first year of operation, respectively.  Plaintiffs counter that this Court should not impose a bond in excess of the $800,000 bond that was imposed to secure the TRO, as any losses projected by Zimmer only account for what Defendants intended to steal from Stryker.

Plaintiff's argument, however, has already been addressed by the Third Circuit in its directive to this Court to issue an additional bond.  Notably, the Third Circuit spoke to Plaintiff's argument when it held that a failure to post a bond to secure the injunction "assumes that Projects Sun Devil and Viva were improper and that the Zimmer Defendants were properly enjoined."   The Third Circuit specifically concluded that such a course of action would be improper and directed this Court to impose an additional bond in the appropriate amount.

This Court is mindful that the imposition of the bond does not relieve Defendants of their obligation to prove their damages in the event the injunction is found to have been wrongfully imposed.  Accordingly, this Court will set a bond to secure the preliminary injunction in accordance

with Defendant's projections.  The bond is therefore set in the amount of $6 million.

**IV.    CONCLUSION**

      For the reasons stated, it is the finding of this Court that the bond to secure the preliminary

injunction should be set in the amount of $6 million.   An appropriate Order accompanies this

Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      March  _12_ , 2012
Orig.:     Clerk
cc:       Hon. Joseph A. Dickson, U.S.M.J.
         All Counsel of Record
         File