NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP., a subsidiary of STRYKER CORPORATION, a New Jersey corporation<br><br>Plaintiff,<br><br>v.<br><br>ZIMMER, INC., et al.,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 2:11-cv-1857 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon various Motions *in Limine* by Defendants Zimmer, Inc., *et al.*, ("Defendants") and Plaintiff Howmedica Osteonics Corp., a subsidiary of Strkyer Corporation ("Plaintiff"). The Court will address these Motions in turn. Pursuant to FED. R. CIV. P 78, no oral argument was heard. After considering the submissions of the parties, the decision of this Court upon each of these Motions is set forth for the reasons herein expressed separately, below.

**I.  DEFENDANTS' MOTIONS**

  1) **Motion to Preclude Report and Testimony of Rodney L. Crawford or, in the Alternative, Limit Report and Testimony to Conform to One-Year Term of Non-Competition and Non-Solicitation Agreements**

Defendants seek to preclude or limit the testimony of Rodney L. Crawford, a damages expert retained by Plaintiff. Plaintiff intends to use Crawford to testify to profits lost due to

1

Defendants' alleged misconduct. Defendants claim that this testimony should be excluded because i) the damages theory disregards critical facts that bear directly on whether and to what extent Plaintiff is entitled to recover, ii) Crawford's methods are unreliable and do not satisfy the Daubert test, and iii) Crawford inappropriately assumes that Plaintiff's lost profits are entirely attributable to Defendant.

Guided by the framework set out in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Third Circuit looks at a number of factors when determining expert admissibility. See Elcock v. Kmart Corp., 233 F.3d 734, 745-46 (3d Cir. 2000) (listing factors). However, this test is not meant to replace the jury's job to weigh the evidence, and "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc., 249 F. Supp. 2d 622, 691-92 (E.D. Pa. 2003) (quoting Daubert, 509 U.S. at 595).

Here, Defendants' arguments are better suited for the weight of the evidence rather than its admissibility under Daubert. Accordingly, Defendants' Motion is denied.

### 2) Motion to Preclude Evidence of and Reference to Order to Show Cause with Temporary Restraints and Order on Plaintiff's Application for Preliminary Injunction

Defendants seek to bar evidence and reference to a temporary restraining order and a subsequent preliminary injunction barring Defendants from, among other things, using or disclosing Stryker's confidential information, encouraging Stryker employees from breaching their contractual obligations owed to Stryker, and moving business of any Stryker Spine customer of the Las Vegas, Arizona, or Chicago branches to Zimmer for a period of twelve months, effective April 1, 2011. The result was that Defendants were barred from competing

2

with Stryker in these territories between April 1, 2011 and March 31, 2012. Defendants argue that this evidence is irrelevant.

This Court agrees with Defendants' assertion that the temporary restraining order and preliminary injunction are irrelevant. Further, even if the evidence were relevant, it nonetheless must be excluded under Federal Rule of Evidence 403 because it would be unfairly prejudicial, confuse the issues, and mislead the jury. See, e.g., Novartis Pharmaceuticals Corp. v. Teva Pharmaceuticals USA, Inc., No. 05-CV-1887, 2009 WL 3754170, at *5 (D.N.J. Nov. 5, 2009) ("Given the leniency afforded by courts at the preliminary injunction stage, the introduction of the denial of [a] preliminary injunction . . . creates an unduly prejudicial effect outweighing any potential probative value alleged for purposes of introduction."). Accordingly, Defendants' Motion is granted.

3) **Motions to Preclude Reference to Conspiracy or Solicitation Prior to Laying a Proper Foundation at Trial and to Preclude Plaintiff from Referring to or Otherwise Characterizing Defendants' Conduct as "Raiding," "Corporate Raiding," or Any Other Similar Term**

Defendants seek to preclude Plaintiff from referring to a conspiracy between any Defendants and from referencing improper solicitation of Stryker clients by any Defendant without first laying a proper foundation. In particular, Defendants seek to preclude Plaintiff from referring to these matters in Plaintiff's opening statement. Additionally, Defendants seek to preclude Plaintiff from using the terms "raiding" or "corporate raiding" when referring to the alleged conduct of Defendants.

Objections to these potential references should be made by Defendants if and when they arise at trial, not in motions *in limine*. See Kraemer v. Franklin and Marshall College, No. 95-0020, 1995 WL 689361, at * (E.D. Pa. Nov. 13, 1995) (declining to rule whether to exclude testimony "before it [is] placed into a specific context at trial"). Accordingly, Defendants'

3

Motions are denied.

## 4) Defendants' Motion to Preclude Plaintiff from Imputing Conduct of Any Individual Defendant to Any Other Defendant and from Referring to the Defendants Collectively

Defendants seek to preclude Plaintiff from imputing the alleged conduct of certain individual Defendants to any other Defendant and from referring to, and making allegations against, the Defendants as a single group. Defendants concede that these references would be permissible if Plaintiff presents evidence that is admissible against all Defendants in an identified group.

It is clear from the law that, absent evidence of a conspiracy, Plaintiff is prohibited from imputing conduct of one Defendant to another and from referring to Defendants collectively. Therefore, except to the extent that evidence at trial supports the contention that Defendants were acting collectively or that conduct of one Defendant should be imputed to another, Defendants' Motion is granted.

## 5) Defendants' Motion to Bifurcate Proceedings on Punitive Damages

Defendants move to bifurcate the trial of this matter to separate, if necessary, the proceedings on punitive damages in a second stage of trial before the same jury. Additionally, Defendants seek to exclude reference to or evidence of the Zimmer Defendants' size, financials, and corporate status, and any other evidence related to the financial condition of the Zimmer Defendants, until the punitive damages stage of trial.

Under the Punitive Damages Act, "[a]ny actions involving punitive damages shall, if requested by any defendant, be conducted in a bifurcated trial." N.J.S.A § 2A:15-5.13(a). Further, "[e]vidence relevant only to the issues of punitive damages shall not be admissible" during the first stage of the bifurcated trial. N.J.S.A. § 2A:15-5.13(b). Accordingly, Defendants'

Motion is granted.

### 6) Motion to Exclude William J. Heller, Esq. and William J. O'Shaughnessy, Esq. as Trial Witnesses

Defendants seek to preclude Plaintiff from calling Defendants' prior counsel, William J. Heller, Esq. and William J. O'Shaughnessy, Esq., as trial witnesses. Defendants anticipate that Plaintiff will call these witnesses in order to question them about privileged communications. As the attorney-client privilege is clearly applicable, Defendants' Motion is granted.

### 7) Motion to Exclude Testimony, Reports and/or Opinions of Greg Kelley, Plaintiff's Proffered Computer Forensics Expert

Defendants seek to preclude Plaintiff from introducing the reports, testimony, or opinions of its proffered computer forensics expert, Greg Kelley. Defendants claim that Kelley's opinions regarding alleged destruction of data should be excluded because these issues were raised and resolved during discovery. Defendants claim that the remainder of Kelley's opinions, reports and testimony should be excluded because they are not relevant and will not assist the trier of fact.

The Court agrees with Defendants regarding Kelley's testimony that would address alleged data destruction. However, the Court finds that the remainder of Kelley's testimony is relevant and will assist the trier of fact. Accordingly, Defendants' Motion is granted in part and denied in part.

## II. PLAINTIFF'S MOTIONS

### 1) Motion to Bar Reference to Stryker's Recruiting and Hiring Practices Unrelated to This Matter

Plaintiff seeks to preclude Defendants from introducing or referring to any evidence relating to Stryker's recruiting and hiring practices for employees other than those involved in the instant lawsuit. Plaintiff believes that Defendants will reference these practices in attempt to defend their own alleged misconduct, and argues that any evidence or reference to these

5

practices are irrelevant.

This Court agrees with Plaintiff's assertion that references to Stryker's recruiting and hiring practices regarding employees not involved in the instant suit are irrelevant. Such evidence has no probative value in this case and must be excluded under Federal Rule of Evidence 401. Accordingly, Plaintiff's Motion is granted.

### 2) Motion to Bar Reference to the Specifics of Greg Kelley's or Vestige, Ltd.'s Work on Other Matter For Which They Have Not Been Designated as Testifying Experts

Greg Kelley, Plaintiff's proffered computers expert in this case, is the co-founder and Chief Technology Officer of Vestige, Ltd. ("Vestige"), a computer forensics firm. Plaintiff seeks to preclude Defendants from referencing work that Kelley and Vestige have performed for other parties in both civil and criminal litigation as consultants, rather than as experts. Plaintiff argues that this evidence is irrelevant, and that even if it were relevant, it should be excluded under Federal Rule of Evidence 403. Plaintiff also claims that these matters are covered by the work product privilege.

Kelley and Vestige's work on other cases is relevant to whether Kelley's testimony is reliable and persuasive, and thus it is proper material for cross-examination. To the extent that this testimony might implicate privileged material, the privilege can be asserted at trial if necessary. Plaintiff's Motion is denied.

### 3) Motion to Bar Reference to Other Litigation Involving Stryker and/or to Which Stryker is a Party

Plaintiff seeks to preclude Defendants from referencing other litigation in which Stryker was involved in or was named as a party involving the enforcement of covenants not to compete. Plaintiff argues that not only does this evidence have no probative value in the present case, but it would confuse and mislead the jury and unduly prejudice Plaintiff.

This Court agrees with Plaintiff's assertion that evidence of other litigation involving Stryker has no probative value in the present case. Therefore, this evidence must be excluded under Federal Rule of Evidence 401, and Plaintiff's Motion is granted.

### 4) Motion to Bar Reference to Chris Duffy's Arrest and Conviction for Driving Under the Influence

Plaintiff seeks to preclude Defendants from referring to a DUI arrest and conviction of one of Plaintiff's witnesses, Chris Duffy, who is a former sales representative of Strkyer. Plaintiff claims that evidence of Duffy's arrest and conviction is irrelevant and would be highly prejudicial to Plaintiff. Defendants argue that this information is relevant because Plaintiff claims that Duffy revoked an acceptance of employment at Zimmer because he was troubled by Defendants' alleged misconduct. Defendants assert that the true reason Duffy revoked his acceptance to work at Zimmer was because he was worried that if he left Stryker, and his arrest and conviction subsequently surfaced in Zimmer's background check, his offer from Zimmer would be revoked and he would be left unemployed.

Any prejudice resulting from Defendants' questioning of Duffy about his arrest and conviction can be cured by providing the jury with a limiting instruction as to what purposes the evidence can be considered for. Accordingly, Plaintiff's Motion is denied.

### 5) Motion to Bar Reference to Dismissed Claims

Plaintiff seeks to preclude Defendants from referencing previous claims made by Plaintiff against Defendants that were resolved in favor of Defendants on summary judgment. Plaintiff argues that these claims are irrelevant, they would confuse the jury, and they would unfairly prejudice Plaintiff. This Court agrees that this evidence is irrelevant and must be excluded under Federal Rule of Evidence 401. Accordingly, Plaintiff's Motion is granted.

### 6) Motion to Compel Discovery Regarding Brothen's Termination from Zimmer and For a Finding That Stryker May Contact Brothen Regarding Non-Privileged Matters, or, in the Alternative, to Bar Zimmer from Introducing Evidence Regarding Brothen's Termination

Kevin Brothen is a former Stryker employee, who subsequently worked at Zimmer until he was terminated on August 6, 2012. Plaintiff seeks to compel discovery regarding the circumstances surrounding Brothen's termination and asks for a finding that Plaintiff can contact Brothen regarding non-privileged matters. Plaintiff also asks that, if this Court denies the discovery request, Defendants be barred from introducing evidence or arguments regarding Brothen's termination in a way that benefits Defendants. Defendants claim that this information is irrelevant.

Plaintiff's discovery request is denied, as it is too late in the litigation process for such a request. However, this Court will direct Defendants to submit a certification to the Court regarding the circumstances of Brothen's termination for in camera review. Accordingly, Plaintiff's Motion is denied.

### 7) Motion to Bar Reference to Stryker's Unrelated Decisions Regarding Enforcement of Restrictive Covenants

Plaintiff seeks to preclude Defendants from presenting any evidence relating to Stryker's enforcement or non-enforcement of restrictive covenant agreements other than those that are at issue in the present case, arguing that such evidence is irrelevant and would be unfairly prejudicial. This Court agrees that the evidence is irrelevant and must be excluded under Federal Rule of Evidence 401. Accordingly, Plaintiff's Motion is granted.

### 8) Motion to Exclude Portions of Expert Opinions of Peter R. Coon and John H. Evans

Plaintiff seeks to preclude portions of opinions by Defendants' experts Peter R. Coon and John H. Evans, claiming that these portions violate Federal Rule of Evidence 702 and the

Daubert standard. Plaintiff's arguments are better suited for the weight of the experts' testimony rather than the admissibility. See supra Part I.1). Accordingly, Plaintiff's Motion is denied.

## III. CONCLUSION

In accordance with the foregoing, Defendants' Motions addressed in section I, parts 2, 4, 5, and 6 are **granted**, the Motions addressed in parts 1 and 3 are **denied**, and the Motion addressed in section 7 is **granted in part** and **denied in part**. Plaintiff's Motions addressed in section II, parts 1, 3, 5, and 7 are **granted**, and the Motions addressed in parts 2, 4, 6, and 8 are **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Date: September 16, 2013
Original: Clerk's Office
cc: Hon. Joseph A. Dickson, U.S.M.J.
All Counsel of Record
File